UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN O. PUGH,<br>　　Petitioner,<br>　　v.<br>MARTIN BITER, Warden, et al.,<br>　　Respondents. | NO. CV 11-7771-GW (AGR)<br><br>ORDER TO SHOW CAUSE |

On September 20, 2011, Petitioner filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254. For the reasons discussed below, it appears that the one-year statute of limitations has expired.

The court, therefore, orders Petitioner to show cause, on or before ***November 3, 2011***, why it should not recommend dismissal of the petition with prejudice based on expiration of the one-year statute of limitations.

///
///
///
///

**I.**

## PROCEDURAL BACKGROUND

On September 19, 2005, a Los Angeles County jury convicted Petitioner of attempted murder and other crimes. (Petition at 2.) Petitioner was sentenced to 40 years to life. (*Id.*) On January 29, 2007, the California Court of Appeal modified the sentence but otherwise affirmed the conviction. (*Id.* at 3.) On April 18, 2007, the California Supreme Court denied the petition for review. (*Id.*)

On July 28, 2010, Petitioner filed a state habeas petition in the California Supreme Court, which was denied on September 15, 2010. (Petition at 3-4 (wrong case number); *see* California Appellate Courts online docket in Case No. S184869.

On September 12, 2011, Petitioner signed the federal petition, which was filed in this court on September 20, 2011. (Petition at 8.)

**II.**

## STATUTE OF LIMITATIONS

The petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). The one-year period starts running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D).

**A.    The Date on Which Conviction Became Final – § 2244(d)(1)(A)**

The California Supreme Court denied review on direct appeal on April 18, 2007. Petitioner's conviction became final ninety days later on July 17, 2007.

///

*See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).  Absent tolling, the statute of limitations expired on July 17, 2008.

### 1.     Statutory Tolling

The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  Because Petitioner did not file his first state habeas petition until July 28, 2010, he is not entitled to statutory tolling.  *See Welch v. Carey*, 350 F.3d 1079, 1081-84 (9th Cir. 2003) (state habeas petition filed after the limitations has expired does not revive the expired limitations period).

### 2.     Equitable Tolling

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling."  *Holland v. Florida,* 130 S. Ct. 2549, 2554, 177 L. Ed. 2d 130 (2010).  "[A] 'petitioner' is 'entitled equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)).  "The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence."  *Id.* at 2565 (citations and quotation marks omitted).  The extraordinary circumstances must have been the cause of an untimely filing.  *Pace*, 544 U.S. at 418.  "[E]quitable tolling is available for this reason only when '"extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time"' and '"the extraordinary circumstances" were the *cause* of [the prisoner's] untimeliness.'"  *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (citations omitted, emphasis in original).

There is no indication in the petition that Petitioner is entitled to equitable tolling.

///

### III.

### **ORDER TO SHOW CAUSE**

IT IS THEREFORE ORDERED that, on or before ***November 3, 2011***, Petitioner shall show cause, if there be any, why the court should not recommend dismissal with prejudice of the petition based on expiration of the one-year statute of limitations.

**Petitioner is also advised that if he fails to timely respond to this Order to Show Cause, the court will recommend that the petition be dismissed with prejudice based on expiration of the one-year statute of limitations.**

DATED: October 4, 2011

　　　　　　　　　　　　　/s/ Alicia G. Rosenberg
　　　　　　　　　　　　　ALICIA G. ROSENBERG
　　　　　　　　　　　　　United States Magistrate Judge